THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLAY VINSON HAYNES, | CASE NO. C22-5688-JCC-GJL |
| Plaintiff, | ORDER |
| v. | |
| MICK, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's objections (Dkt. No. 44) to the Report and Recommendation ("R&R") of the Honorable Grady J. Leupold, United States Magistrate Judge. (Dkt. No. 43.) Having thoroughly considered the R&R and the relevant record, the Court hereby OVERRULES the objections and ADOPTS the R&R for the reasons stated herein.

A district court must conduct a *de novo* review of those portions of a magistrate judge's R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party properly objects when he or she files "specific written objections" to the R&R. Fed. R. Civ. P. 72(b)(2). In contrast, general objections or summaries of arguments previously presented have the same effect as no objection at all since they do not focus the Court's attention on any specific issues for review. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Garvey v. Uttecht*, 2020 WL 5946157, slip op. at 1 (W.D. Wash. 2020).

Plaintiff objects by reiterating a legal argument Judge Leupold already considered and

rejected: whether Plaintiff is excused from the exhaustion requirement under the Prison Litigation Reform Act, because he is seeking monetary damages under tort law, and not injunctive relief. The resounding legal answer, as Judge Leupold explained, is that "[e]ven when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is still a prerequisite to suit." (Dkt. No. 43 at 3) (citing *Booth v. Churner,* 532 U.S. 731, 741 (2001.) The Court concurs with Judge Leupold's findings that Plaintiff's legal arguments about partial-relief and tort-claims are not supported by any applicable case law.[1] *See Booth,* 532 U.S. at 741.

Therefore, the remaining issue is whether Plaintiff did **in fact** exhaust his legal remedies. Judge Leupold examined the legal record and determined he did not, recommending dismissal without prejudice. (*See* Dkt. No. 43 at 10—13.) Plaintiff objects to Judge Leupold's conclusions that (1) exhaustion was still available despite Plaintiff being transferred; and that (2) Plaintiff's informal attempts at seeking a resolution did not count as officially exhausting his remedies. (*Id.*) The Court reviewed Plaintiff's objections *de novo*, and finds no facts to suggest that Judge Leupold's findings were incorrect. It is undisputed that Plaintiff still had avenues to appeal his petition within the Washington State Department of Corrections, despite his transfer. (Dkt. No. 43 at 5, 11). Although courts generally must construe pleadings liberally in their favor, *pro se* litigants are nonetheless bound by the rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Accordingly, the Court ORDERS as follows:

1. The R&R (Dkt. No. 43) is ADOPTED.
2. Plaintiff's objections (Dkt. No. 44) are OVERRULED.
3. Plaintiff's complaint (Dkt. No. 4) is DISMISSED without prejudice.

---

[1] Plaintiff's claims regarding intimidation are raised for the first time on objection and are not grounded in facts on the record. Therefore, the Court will not consider them here.

ORDER
C22-5688-JCC
PAGE - 2

4. The Clerk is directed to send copies of this Order to the parties and to the Honorable Grady J. Leupold.

DATED this 22nd day of August 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE