THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLAY VINSON HAYNES,<br><br>                    Plaintiff,<br>           v.<br><br>MICK, *et al.*,<br><br>                    Defendants. | CASE NO. C22-5688-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to alter or amend a judgment (Dkt. No. 51). Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

In the instant matter, Plaintiff sued several state employees, asserting a 42 U.S.C. § 1983 claim based on alleged violations of his Eighth Amendment rights. (*See* Dkt. No. 4 at 4–11.) Plaintiff first filed a grievance with the Washington Department of Corrections, asserting a lack of adequate medical care, specifically the failure to provide him with his CPAP machine. (Dkt. No. 44 at 12.) The grievance was terminated, though, as, by Plaintiff's own admission, the CPAP machine was returned to him. (Dkt. No. 44 at 12.) Dissatisfied with this outcome, Plaintiff brought the instant suit. (*See generally* Dkt. No. 4.) Defendants moved for summary judgment, arguing that Plaintiff failed to completely exhaust his administrative remedies and thus was barred from bringing the action. (*See* Dkt. No. 33 at 11.) Over Defendant's objections, this Court

ORDER
C22-5688-JCC
PAGE - 1

adopted the Report and Recommendation ("R&R") of the Honorable Grady J. Leupold, United States Magistrate Judge, and dismissed the case without prejudice. (*See* Dkt. No. 47.)

Plaintiff now asks the Court to amend its judgment pursuant to Federal Rule of Civil Procedure 59(e), asserting the judgment represents plain error and constitutes "manifest injustice." (Dkt. No. 51.) A Rule 59(e) motion is appropriate if the Court committed "clear error" or "is presented with newly discovered evidence," or "if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). But this is an "extraordinary remedy" and should be "used sparingly." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id*. The Court addresses below Plaintiff's misapprehensions and errors, which appear to form the basis of his motion.

Plaintiff first argues that Defendants' "failure to exhaust" argument is frivolous, citing an instruction in the Resolution Program Manual ("manual") that provides "[i]ndividuals are not required to exhaust the resolution process prior to filing a tort claim." (Dkt. No. 51 at 2.) According to Plaintiff, Defendants knew or should have known this provision in the manual absolved Plaintiff from exhausting the resolution process before filing a tort claim, so raising this defense must be frivolous. (*Id.*) He argues amending the order is the only way to correct a clear error of law. (Dkt. No. 51 at 1–2.)

Plaintiff's argument is unavailing. Indeed, the timing of Plaintiff's resolution in relation to his state tort claim was never at issue in this § 1983 case. (*See* Dkt. No. 53 at 2.) That the manual does not require exhaustion prior to filing a state tort claim does not bear on whether Plaintiff properly exhausted his separate § 1983 claim. As Judge Leupold explained and this Court reiterated, Plaintiff's may not count his use of the tort claim process as proper exhaustion in the instant case. (*See* Dkt. Nos. 43 at 12, 47 at 2.) The indisputable reality is that Plaintiff, in failing to appeal his resolution request, did not fully exhaust his resolution prior to filing this suit.

Therefore, Plaintiff fails to demonstrate that the Court committed clear error in dismissing Plaintiff's case for failure to exhaust.

Plaintiff next argues Defendants submitted fraudulent documents to the Court. (Dkt. No 51 at 2.)[1] Specifically, he claims Defendants submitted two versions of the resolution request (*i.e.*, the grievance) he filed with DOC, one of which included an altered date and signature. (Dkt. Nos. 49 at 10–13, 51 at 2.) But as Defendants explain (and Plaintiff fails to dispute), the submitted documents do not suggest "fraud" but instead show that Plaintiff's resolution request proceeded through both the emergency and regular resolution processes, consistent with the manual. (*See* Dkt. No. 53 at 3.) Regardless, Plaintiff makes this argument for the first time in this motion and cites no reason he could not have made it during the summary judgment phase or in his objections to the R&R. (*See generally* Dkt. Nos. 41, 45.) "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

For the foregoing reasons, Plaintiff's motion to amend judgment (Dkt. No. 51) is DENIED.

DATED this 20th day of October 2023.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's motion is vague on this issue, but a previous, stricken motion provides additional details regarding the basis for this argument. (*See* Dkt. No. 49.)