THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLAY VINSON HAYNES,<br><br>                  Plaintiff,<br>        v.<br><br>MICK, *et al.*,<br><br>                  Defendants. | CASE NO. C22-5688-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for relief from judgment (Dkt. No. 55.)[1] Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

Plaintiff sued several state employees, asserting a 42 U.S.C. § 1983 claim based on alleged violations of his Eighth Amendment rights. (*See* Dkt. No. 4 at 4–11.)[2] The Court dismissed Plaintiff's complaint without prejudice and, more recently, denied his motion to amend the judgment. (*See* Dkt. Nos. 47, 54.) In both instances, the Court based its decision on

---

[1] Plaintiff also moves to extend his time to reply to Defendants' opposition to the instant motion. (Dkt. No. 60.) But before the Court could rule on that request, Plaintiff submitted his reply (Dkt. No. 62). Because the Court considered Plaintiff's reply in ruling on the instant motion, the motion for an extension (Dkt. No. 60) is moot.

[2] The Court described the factual details of this case in a previous order and will not repeat them here. (*See* Dkt. Nos. 43, 47.)

ORDER
C22-5688-JCC
PAGE - 1

Plaintiff's failure to exhaust his administrative remedies. (*See id.*) Plaintiff now asks the Court to grant relief from its judgment pursuant to Federal Rule of Civil Procedure 60(b). (Dkt. No. 55.) He asserts that newly discovered evidence necessitates such relief. (*See id.*)

A court may relieve a party from a final judgment when there is newly discovered evidence that could not have been discovered in time to move for a new trial. Fed. R. Civ. P. 60(b)(2).[3] To obtain such relief, the movant must show the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was "of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (citing *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987)).

Here, Plaintiff's "newly discovered evidence" consists of resolution requests he submitted, as well as the Department of Corrections' responses explaining that the requests were untimely. (*See* Dkt. No. 55 at 10–15.) Again, Plaintiff fails to show that he timely exhausted his administrative remedies, let alone that this evidence would have likely "change[d] the disposition of the case." *See Jones*, 921 F.2d at 878. Instead, he provides more indications that he did not properly appeal his resolution request when it was originally resolved.

For the foregoing reasons, Plaintiff's motion for relief from judgment (Dkt. No. 55) is DENIED.

//
//
//

---

[3] Courts disagree as to whether Rule 60(b)(2) even applies where there has been no trial—such as after summary judgment. *Compare Watts v. Allstate Indem. Co.*, 2012 WL 1108823 (E.D. Cal. 2012) (considering a Rule 60(b)(2) motion where no trial occurred), *with Flett v. W.A. Alexander & Co.*, 302 F.2d 321, 324 (7th Cir. 1962) (expressing "grave doubts" about the applicability of Rule 60(b)(2) where there had been no trial and no evidence presented). But even assuming Rule 60(b)(2) can apply at this stage, Plaintiff's motion fails on the merits for the reasons explained below.

DATED this 1st day of December 2023.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE